1

2

3

4

5

6

7

8

9
10

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

| | |
|---|---|
| In re<br><br>MILA, INC.,<br>dba Mortgage Investment Lending Associates,<br><br>  Debtor.<br><br>TIN: 91-1471279 | Case No. 07-13059-SJS |
| GEOFFREY GROSHONG, chapter 11 trustee for MILA, Inc.,<br><br>  Plaintiff,<br><br>  v.<br><br>LAYNE E. SAPP and the marital community composed of Layne E. Sapp and Cari Sapp; NEXT ONLINE MORTGAGE TECHNOLOGIES, INC., a Washington corporation; LIMA SIERRA LLC, a Washington limited liability company; DESTINY LEASING LLC, a Washington limited liability company; CRS FINANCIAL, LLC, a Washington limited liability company; CRS FINANCIAL II, LLC, a Washington limited liability company, and CRS FINANCIAL III, LLC, a Washington limited liability company;<br><br>  Defendants. | Adversary Proceeding No. 08-01211-SJS<br><br>[PROPOSED] PRETRIAL ORDER |

PRETRIAL ORDER - 1

**MILLER NASH** LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

PDXDOCS:1881640.2

## PRELIMINARY STATEMENT

This pretrial order is lodged as required by the Court's "Order Directing Lodging of Pretrial Order" [Docket No. 134] entered February 1, 2010. Although the parties have exchanged documents and subpoenaed some records from third parties, discovery is not yet complete. The parties submit this proposed pretrial order while agreeing that no party will object to any party seeking amendments of it before the December 17, 2010 deadline for the pretrial order lodging in the "Order Re: Discovery and Pretrial Schedule" [Docket No. 115].

## JURISDICTION

The court has jurisdiction pursuant to 28 U.S.C. §§ 157, 1334, 1367, 2201, and 2202.

## CLAIMS AND DEFENSES

Plaintiff (sometimes referred to herein as "the Trustee") will pursue the following claims at trial:

(1) Violation of RCW 23B.06.400 and RCW 23B.08.310 in payment of dividends to all shareholders of MILA;

(2) Breach of fiduciary duties by Mr. Sapp;

(3) Theft of corporate opportunities by Mr. Sapp;

(4) Fraudulent transfer under 11 U.S.C. § 548 against each defendant;

(5) Fraudulent transfer under RCW Ch. 19.40 and 11 U.S.C. §544(b) against each defendant;

(6) Breach of a certain Consultant Intellectual Property Agreement ("Consultant Agreement") by Mr. Sapp;

(7) Breach of trust under Consultant Agreement by Mr. Sapp;

(8) Declaratory judgment against Next Online Mortgage Technologies, Inc. ("Next Online") regarding rights to certain software;

(9) Breach of contract against Next Online;

PRETRIAL ORDER - 2

**MILLER NASH** LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

PDXDOCS:1881640.2

1          (10) Preference claims under 11 USC § 547) against Mr. Sapp, Next

2  Online, CRS II and Lima Sierra; and

3          (11) Disallowance of claims under 11 U.S.C. § 502(d)) against Mr. Sapp,

4  Next Online and CRS and to set aside unauthorized post-petition transfers under

5  11 U.S.C. § 549 against Mr. Sapp and Next Online.

6          The Trustee also seeks to offset the amount to be distributed on account of the

7  allowed claims, if any, of defendants Sapp, Next Online, and CRS Financial, LLC in this

8  bankruptcy case against the amount of the Trustee's judgment against them in this action.

9  **DEFENDANTS' AFFIRMATIVE DEFENSES**

10          Defendants will pursue the following affirmative defenses and claims:

11          1.      Plaintiff lacks standing to assert some or all of his claims, including,

12  without limitation, any and all claims asserted on behalf of shareholders or creditors of MILA.

13          2.      Some or all of Plaintiff's claims, including, without limitation, the first,

14  third, fifth, and sixth claims for relief, are time-barred in whole or in part by the applicable

15  statutes of limitations, statutes of repose, and other applicable law.

16          3.      Some or all of Plaintiff's claims, including, without limitation, the first,

17  second, third, eighth, and fourteenth claims for relief, were fully disclosed to MILA's

18  shareholders and creditors, who expressly or by implication consented to the transactions.

19          4.      Some or all of Plaintiff's claims are barred by the doctrines of waiver,

20  estoppel, and laches.

21          5.      The transferee of each transfer or obligation alleged to form the basis for

22  liability under the fifth claim for relief took for value and in good faith and so has a lien on or

23  may retain any interest transferred pursuant to sections 548(b) and (c) of the Bankruptcy Code.

24          6.      Each transfer alleged to be fraudulent is not avoidable under state law or

25  federal law because each transfer was accepted in good faith and for reasonably equivalent value.

26  The Defendants are entitled to a lien on or a right to retain any interest in the asset transferred,

**MILLER NASH** LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

PDXDOCS:1881640.2

1    enforcement of an obligation incurred, or a reduction in liability, as applicable, to the extent of

2    the value given to MILA.

3             7.      Each transfer alleged to be fraudulent (whether under state or federal law)

4    or preferential is not avoidable to the extent that each transferee gave new value to or for the

5    benefit of the debtor after the transfer was made.  Each transfer was made in the ordinary course

6    of business and financial affairs of the debtor and the transferee and each transfer was made

7    pursuant to a good faith effort to rehabilitate the debtor and the transfer secured present value

8    given for that purpose as well as antecedent debt.

9             8.      Each transfer alleged to be preferential is not avoidable pursuant to

10    section 547 of the Bankruptcy Code because no transfer satisfies all of the prerequisites to

11    avoidance identified in section 547(b) of the Bankruptcy Code.  Each transfer is not avoidable to

12    the extent provided under section 547(c)(1), (2), (3), (4), and (5) of the Bankruptcy Code.

13             9.      The Trustee has failed to exercise his fiduciary duties as trustee of the

14    estate of MILA, including without limitation his failure to properly supervise counsel and other

15    consultants, resulting in the assertion of claims with no legal or factual basis, all of which has

16    resulted in the defendants incurring unnecessary fees, expenses and other damages.

17             10.     In addition, defendants will pursue the following claims at trial:

18                    **SAPP COUNTERCLAIMS**

19    1.     Default on February 2007 Loan

20    2.     Default on April 2007 Loan

21    3.     Recovery of Amounts Paid to Columbia Bank

22    4.     Section 507(b) Claim

23    5.     Indemnification

24    6.     Relief from Stay and Immediate Payment of Secured Claims

25    7.     Intentional Interference with Contractual Relationships

26

**MILLER NASH** LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON  98101-2352

PDXDOCS:1881640.2

## NEXT COUNTERCLAIMS

1.      Pre-Petition Breach of Consulting Agreement

2.      Post-Petition Breach of Consulting Agreement

## CRS FINANCIAL COUNTERCLAIMS

1.      Breach of Lease

2.      Post-Petition Breach of Lease; failure to pay rent when due

3.      Intentional Interference with Contractual Relationships

## CRS III COUNTERCLAIMS

1.      Intentional Interference with Contractual Relationships

The defendants also seek offset/recoupment as to the amount of any judgment against them in this action.

## PLAINTIFF'S AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIMS

1.      To the extent the counterclaims allege that plaintiff improperly took actions to impose financial hardship on Layne E. Sapp or to try to force him to settle on unfavorable terms (*see* paragraphs 24, 25, and 28 of this defendant's Answer), all of plaintiff's actions were legal, were intended to benefit the estate, and were a reasonable exercise of the Trustee's business judgment.

2.      Some or all of the counterclaims are barred because Columbia State Bank, not the Trustee, initiated adversary proceedings described in Sapp's Answer.

3.      Some or all of the counterclaims are barred because the Trustee had probable cause for asserting positions with respect to matters regarding Columbia State Bank and directors and officers liability insurance as described in Sapp's Answer.

4.      Some or all of the counterclaims are barred because of the privileges afforded to counsel for litigants or because any statements to the media by counsel for the Trustee are true descriptions of the allegations in the pleadings in this case.

**MILLER NASH** LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

PDXDOCS:1881640.2

1      5.      Some or all of the counterclaims are barred by the immunity afforded to

2   the Trustee and his counsel because the Trustee is a quasi judicial officer.

3      6.      Some or all of the counterclaims are barred because the Trustee is

4   protected by the business judgment rule.

5      7.      Some or all of the counterclaims are barred because the Trustee has not

6   violated any duty imposed by law.

7      8.      Some or all of the counterclaims are barred by Federal Rule of

8   Evidence 408.

9      9.      Some or all of the counterclaims are barred by the doctrines of waiver,

10  estoppel, unclean hands, laches, *in pari delicto*, issue preclusion, lack of subject matter

11  jurisdiction, or failure to allege facts sufficient to constitute a counterclaim.

12     10.     Some or all of the counterclaims are barred because the Trustee has

13  provided adequate protection pursuant to 11 U.S.C. § 507(b).

14     11.     Some or all of the counterclaims are barred by 11 U.S.C. § 502(d).

15     12.     To the extent any defendant prevails on any counterclaim, plaintiff is

16  entitled to set off and recoup each counterclaim against any claims that plaintiff has against such

17  defendant.

18     13.     Mr. Sapp's "Fifth Counterclaim: Indemnification" is barred by one of more

19  of the following:

20           (a)      Defendant Layne E. Sapp failed to demand indemnity or

21      advancement of expenses from the Trustee, before asserting that counterclaim,

22      thereby depriving the Trustee and MILA, Inc. of the opportunity to invoke the

23      procedures for responding to such a claim as provided in RCW 23B.08.510.  This

24      includes the opportunity to determine if Layne E. Sapp has acted in good faith,

25      whether he reasonably believed that he was acting in the best interests of MILA or

26

PRETRIAL ORDER - 6

**MILLER NASH** LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

1    not opposed to the best interests of MILA, and whether Sapp is adjudged liable

2    under the claims in the Second Amended Complaint in this proceeding.

3            (b)    Defendant Layne E. Sapp has failed to provide the Trustee

4    with a written affirmation of his good faith that he has met the standard of

5    conduct required by RCW 23B.08.510 entitling him to advancement of expenses

6    and he has failed to provide the Trustee with a written undertaking required by

7    RCW 23B.08.530 that he has an unlimited general obligation to repay any

8    advance if it is ultimately determined that he did not meet the standard of conduct

9    required by RCW 23B.08.510.

10           (c)    Defendant Layne E. Sapp admitted that he failed to demand

11   indemnity or advancement of expenses from the Trustee in a motion he filed in

12   the MILA bankruptcy, as explained in a Memorandum Decision filed January 5,

13   2010 in Case No. WW-09-1142 MoPaH by the United States Bankruptcy

14   Appellate Panel of the Ninth Circuit Court of Appeals.  As a result, Layne E. Sapp

15   is precluded from asserting any claim for indemnity or advancement of expenses.

16           (d)    Defendant Layne E. Sapp's conduct as alleged in the

17   Second Amended Complaint precludes his right to indemnity as to some or all of

18   the claims.

19           14.    Without assuming any burden of proof that properly belongs to

20   defendants, the conduct complained of in Mr. Sapp's Eighth Counterclaim for intentional

21   interference with contractual relationships is privileged.

22           15.    To the extent any defendant has been damaged, that defendant has failed

23   to mitigate such damage.

24           16.    To the extent defendants claim that the Trustee failed to realize value for

25   the estate, defendants' own actions interfered with the Trustee's ability to perform.

26

PRETRIAL ORDER - 7

**MILLER NASH** LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON  98101-2352

1    17.    With respect to Mr. Sapp's intentional interference claim, there has been

2  no breach or termination of Sapp's relationship with Columbia State Bank.

3    18.    With respect to Mr. Sapp's intentional interference claim, to the extent that

4  there has been any breach or termination of Sapp's relationship with Columbia State Bank, the

5  Trustee was not the cause; any such breach, change or termination was the result of MILA's

6  bankruptcy, the underwriting or reserve requirements of Columbia State Bank, misconduct of

7  Layne Sapp, or other causes independent of the Trustee's actions.

8    19.    The amount of CRS's counterclaims under any leases are limited by

9  11 U.S.C. § 502(b)(6).

## ADMITTED FACTS

11    1.    Plaintiff Geoffrey Groshong is the duly appointed chapter 11 trustee for

12  MILA.  Plaintiff is a partner at Miller Nash LLP.

13    2.    Layne E. Sapp ("Sapp") was the founder of and, at all relevant times, a

14  director, a shareholder, and the chief executive officer of MILA.

15    3.    Next Online Mortgage Technologies, Inc. ("Next Online"), is a Washington

16  corporation and Sapp is a shareholder of Next Online.

17    4.    Lima Sierra, LLC ("Lima Sierra") is a Washington limited liability

18  company and Sapp is a member of Lima Sierra.

19    5.    Destiny Leasing, LLC ("Destiny Leasing") is a Washington limited

20  liability company and Sapp is the sole member of Destiny Leasing.

21    6.    CRS Financial, LLC ("CRS") is a Washington limited liability company

22  and Sapp is a member of CRS.

23    7.    CRS Financial II, LLC ("CRS II") is a Washington limited liability

24  company and Sapp is a member of  CRS II.

25    8.    CRS Financial III, LLC ("CRS III") is a Washington limited liability

26  company and Sapp is a member of CRS III.

**MILLER NASH** LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON  98101-2352

PDXDOCS:1881640.2

1          9.      The initial complaint in this matter was filed on or about August 29, 2008.

2         10.     Some of the conduct that is identified in the Second Amended Complaint

3 took place in the Western District of Washington, and venue is proper in this district.

4         11.     MILA filed its voluntary chapter 11 petition on July 2, 2007.

5         12.     Before filing its voluntary chapter 11 petition, MILA was in the business

6 of making residential mortgage loans and reselling such loans in the secondary mortgage market.

7 Some of the loans that MILA originated were made to borrowers with "subprime" credit scores.

8         13.     MILA originated loans to borrowers through a network of independent

9 mortgage brokers, and MILA intended to sell most of the loans that it originated into the

10 secondary mortgage markets.

11        14.     MILA borrowed money from so-called "warehouse lenders,"

12 predominantly large national and international financial institutions that provided MILA with

13 lines of credit that were used in connection with the funding of residential mortgage loans.

14 These loans from warehouse lenders were secured by residential mortgage loans made by MILA.

15        15.     MILA's transactions with purchasers in the secondary mortgage markets

16 were made pursuant to written contracts between the parties.

17        16.     MILA's audited financial statements indicated that in 2004 it had net

18 income of $17,156,000 after payment of expenses.

19        17.     MILA's audited financial statements indicate that it paid $7,983,000 in

20 cash dividends to its shareholders during 2004.

21        18.     MILA's audited financial statements indicated that in 2004 it had net

22 income of $7,629,000 after payment of expenses.

23        19.     MILA's audited financial statements indicate that it paid $3,248,000 in

24 cash dividends to its shareholders during 2005.

25        20.     MILA originated almost $3 billion of loans in 2004.

26

PRETRIAL ORDER - 9

**MILLER NASH** LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

PDXDOCS:1881640.2

1           21.     MILA retained Deutsche Bank Securities, Inc. ("Deutsche Bank") to

2 attempt to attract investors in MILA in 2005. Deutsche Bank issued a Private Placement

3 Memorandum dated October 2005 and distributed it to potential investors, but failed to receive

4 any offers. Before MILA filed for relief under Chapter 11 of the Bankruptcy Code, it attempted

5 to but failed to sell assets to a third-party purchaser. In particular, despite extensive negotiations

6 with Marathon Asset Management, LP, there was no asset sale with it.

7           22.     MILA entered into several transactions with other companies in which

8 Layne Sapp maintained an interest, including Next Online, CRS I, CRS III, Destiny Leasing, and

9 Lima Sierra.

10 **NEXT ONLINE**

11           23.     On about October 4, 2001, Sapp incorporated Next Online.

12           24.     On or about November 11, 2004 MILA entered into a written Software

13 Development and Consulting Services Agreement with Next Online.

14           25.     Beginning in February 2006, MILA entered into a series of agreements

15 related to support to be provided by NextOnline to MILA.

16           26.     At various times, MILA leased aircraft from Lima Sierra.

17           27.     CRS leased office space in the MILA Financial Center to MILA under a

18 lease dated December 18, 2002, which was amended from time to time. MILA occupied all or

19 part of the premises covered by the lease agreement after the commencement of MILA's

20 chapter 11 case.

21           28.     CRS III purchased an unpaved and unimproved parking lot adjacent to the

22 MILA Financial Center.

23           29.     On or about May 16, 2007, MILA and Sapp entered into a written

24 "Consultant Intellectual Property Agreement."

25 **PLAINTIFF'S FACTUAL CONTENTION**

26           1.     By no later than December 31, 2004, MILA, Inc. ("MILA") was insolvent.

PRETRIAL ORDER - 10

**MILLER NASH** LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

PDXDOCS:1881640.2

1    2. In his capacity as director of MILA, Layne E. Sapp ("Sapp") caused

2 MILA to make distributions to shareholders in 2004 and thereafter in violation of

3 RCW 23B.06.400 because MILA would not be able to pay its liabilities as they become due in

4 the usual course of business.

5    3 As a director, controlling shareholder, and officer of MILA, Sapp owed

6 fiduciary duties to MILA, including the duties of loyalty and good faith, obliging him to place

7 the interests of MILA ahead of his personal interests and refrain from engaging in any

8 self-dealing transactions that were not both entirely fair and fully disclosed.

9    4. In self-dealing transactions, Sapp approved excessive compensation for

10 himself to be paid by MILA and Next Online (and Next Online obtained the revenues to pay

11 Sapp's salary from its principal customer, MILA).

12    5. In self-dealing transactions, Sapp caused MILA to enter into unnecessary

13 and detrimental contracts with Next Online, and enabled Next Online to improperly obtain the

14 following:

15    (a) The software owned and developed by MILA related to

16 subprime lending.

17    (b) Excessive revenues from MILA for services provided by

18 Next Online employees that were substantially similar to what MILA had been

19 providing internally, often with the same persons who had performed those

20 functions as MILA employees.

21    6. In a self-dealing transaction, Sapp arranged for Lima Sierra, Inc. to

22 provide MILA with use of a jet, at charges that were excessive and unnecessary for legitimate

23 businesses purposes of MILA.

24    7. In a self-dealing transaction, Sapp arranged for Destiny Leasing to provide

25 MILA with use of a yacht, at charges that were excessive and unnecessary for legitimate

26 businesses purposes of MILA.

PRETRIAL ORDER - 11

**MILLER NASH** LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

1    8.    In self-dealing transactions, Sapp arranged for MILA to lease real property

2    from CRS III at an excessive rate; specifically MILA leased property purportedly for parking at a

3    time when MILA did not need the space.

4    9.    Defendants have received improper insider transfers avoidable pursuant to

5    11 U.S.C. § 547 that are recoverable under 11 U.S.C. § 550.

6    10.    Proofs of claims filed by defendants should be disallowed because

7    pursuant to 11 U.S.C. § 502(d), the court must disallow any claim of any entity from which

8    property is recoverable under 11 U.S.C. §§ 550 or 553 or that is a transferee of a transfer

9    avoidable under 11 U.S.C. §§ 544, 547, or 548, unless such entity or transferee has paid the

10    amount, or turned over any such property, for which such entity or transferee is liable under

11    11 U.S.C. §§ 550 or 553 to the Trustee.

12    11.    Because discovery is continuing, the Trustee reserves the right to raise

13    additional factual contentions.

14    ## DEFENDANTS' FACTUAL CONTENTIONS

15    1.    According to its independent auditors, creditors, outside professionals and

16    audited financial statements, MILA was and remained solvent during all relevant time periods

17    and Mr. Sapp reasonably relied on these assessments.

18    2.    Mr. Sapp did not directly or indirectly misappropriate business

19    opportunities available to MILA.

20    3.    All transactions between MILA, Mr. Sapp, and related entities were fair to

21    MILA.

22    4.    MILA's transactions with Mr. Sapp and related parties were consistent

23    with Ms. Sapp's duties of loyalty and good faith.

24    All transactions between MILA, Mr. Sapp and related parties about which the

25    Trustee has complained were disclosed to key creditors of MILA.

26

**MILLER NASH** LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

1         5.      Neither Mr. Sapp nor Next Online Mortgage Technologies claims

2  ownership of AccessPoint; Mr. Sapp delivered source code for AccessPoint to the Trustee

3  through MILA's counsel in July 2007.

4         6.      The software program developed by Next Online Mortgage Technologies

5  known as Credex is not AccessPoint.

6         7.      The Trustee hired his own law firm to pursue this action, has failed to

7  exercise independent judgment and control over the litigation, and as a result has incurred

8  expenses not reasonably likely to benefit MILA's estate.

9         8.      The Trustee has instituted proceedings and asserted claims that he knew or

10  should have known were defective or lacked merit.

11         9.      MILA is in default on a $1 million promissory note dated February 20,

12  2007 and a $250,000 promissory note dated April 16, 2007, both of which are secured by

13  substantially all of the remaining assets of the MILA bankruptcy estate.

14         10.     Mr. Sapp as guarantor, paid interest and other fees and expenses to

15  Columbia Bank on MILA's behalf after MILA breached its obligations under loan documents,

16  dated November 10, 2006.

17         11.     Substantially all of the cash in MILA's estate constitutes defendants' cash

18  collateral.

19         12.     Mr. Sapp is entitled to indemnification from MILA under the terms of its

20  articles of incorporation and bylaws for claims asserted against him in his capacity as an officer

21  or director of MILA.

22         13.     The Trustee has tortiously interfered with the defendants' contractual

23  relationships with Columbia Bank.

24         14.     MILA has breached the February 1, 2006 Consulting Services Agreement.

25

26

**MILLER NASH** LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON  98101-2352

1  15. MILA has breached the Lease Agreement, as amended, dated

2  December 18, 2002; in addition, the Trustee has failed rent due on the space occupied by him

3  post-petition.

4  16. Any transfers otherwise avoidable under Section 547 of the Bankruptcy

5  Code are not recoverable by the Trustee.

6  17. Because discovery is continuing, the Defendants reserve the right to raise

7  additional factual contentions.

8  **ISSUES OF LAW**

9  The following are the issues of law identified by the plaintiff to be determined by

10  the court:

11  1. Should the court exclude evidence of how any recoveries by the Trustee

12  will be used?

13  2. May Sapp rely on exculpatory provisions in MILA's articles of

14  incorporation as a defense to the breach of fiduciary duty claims?

15  3. Are the Trustee's actions with respect to Columbia State Bank and its

16  relationship with Sapp admissible? If so, is the Trustee protected by quasi-judicial immunity, the

17  business judgment rule, or because he had probable cause to take the actions?

18  4. Are the Trustee's actions with respect to directors and officers liability

19  insurance admissible? If so, is the Trustee protected by quasi-judicial immunity, the business

20  judgment rule, or because he had probable cause to take the actions?

21  5. What are the procedural and substantive prerequisites that a corporate

22  officer or director must fulfill to be entitled to indemnity from the Trustee?

23  6. To what extent, if any, may Sapp offer evidence that he relied on legal

24  advice in any related party transaction, if the related parties were both represented by the same

25  law firm?

26

PRETRIAL ORDER - 14

**MILLER NASH** LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

1         7.     May Sapp offer evidence in his defense that many persons did not

2  anticipate the "subprime meltdown" that has led to failure of many subprime lenders?

3         8.     What foundation must Sapp lay before presenting testimony that various

4  financial institutions (e.g., Credit Suisse, Deutsche Bank, GMAC-Residential Funding)

5  continued to do business with MILA during the time periods when the Trustee claims that MILA

6  was insolvent?

7         9.     What foundation must Sapp lay before presenting testimony from

8  McGladrey & Pullen, LLP (MILA's outside auditors) that MILA was a going concern and a

9  solvent business?

10        The following are the issues of law identified by the defendants to be determined

11  by the court:

12         1.     Which, if any, claims by the Trustee are eligible for trial by jury?

13         2.     To what extent are the Trustee's claims barred by the statute of

14  limitations?

15         3.     Do any of the Trustee's expert witnesses qualify as experts under the

16  Federal Rules of Evidence?

17         4.     Because discovery is continuing, the Defendants reserve the right to raise

18  additional legal issues.

19                    **<u>EXPERT WITNESSES</u>**

20       (a)     Each party shall be limited to eight expert witnesses.

21       (b)     Based on the discovery and pleadings so far, which discovery is not yet

22  complete, Plaintiff's expert witnesses, and the subjects on which they will testify are as follows:

23         1.     Daniel Scouler
                   1800 Century Park East, Ste. 600

24                   Los Angeles, CA  90067

25        The issue upon which he will testify is when MILA became insolvent and why.

26  (Will testify)

**MILLER NASH** LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON  98101-2352

PDXDOCS:1881640.2

1             2.      David Scouler
                           445 Park Avenue, 10th Floor
2                            New York, NY  10022

3         The issue upon which he will testify is on Next Online related party transactions

4 and software issues, and appropriate compensation for Next Online employees.  (Will testify)

5              3.      Professor Douglas Branson
                           University of Pittsburgh
6                            3900 Forbes Avenue
                           Pittsburgh, Pennsylvania 15260
7

8         The issue upon which Professor Branson will testify is on corporate governance

issues including breaches of fiduciary duties.  (Will testify)
9

10              4.      Larry Portal
                           FTI Consulting
                           101 Eisenhower Parkway
11                            Roseland, NJ  07068

12         The issue upon which he will testify is on appropriate compensation for Sapp as

13 the Chief Executive Officer of MILA.  (Will testify)

14              5.      Maris Kurens
15                            1312 243rd Avenue NE
                           Sammamish, WA  98074

16         The issue upon which he will testify is on software issues.  (Will testify)

17              6.      Real Estate Professional (TBD)

18         This expert will testify as to the market rates and expected usage of parking

19 spaces for MILA.

20

21

22

23

24

25

26

**MILLER NASH** LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON  98101-2352

PDXDOCS:1881640.2

1            (c)    Defendants' expert witnesses, and the subjects on which they will testify

2 are as follows:

3         1.    Layne Sapp

4            c/o Davis Wright Tremaine LLP
           1201 Third Ave, Suite 2200

5            Seattle, WA 98101

6     Defendants' counterclaim damages (will testify)

7         2.    Luke Adamson

8            c/o Davis Wright Tremaine LLP
           1201 Third Ave, Suite 2200

9            Seattle, WA 98101

10     Software issues and Next consulting services (may testify)

11         3.    Ubermind, Inc.
           2400 NW 80th St.

12            Seattle, WA 98117
           06.633.1167

13

14     Software issues and consulting services (may testify)

15         4.    Christie J. Bakker
           McGladrey & Pullen

16            1145 Broadway Plaza, Suite 900
           Tacoma, WA 98402

17            253.572.7111

18     MILA financial condition (may testify)

19                  **OTHER WITNESSES**

20            (a)    Based on the discovery so far (which is not complete), Plaintiff expects to

21 call the following non-expert witnesses to testify about the following subjects:

22                 **NAME**                **ISSUE**

23   1.    Geoffrey Groshong        Financial condition of MILA, Inc. since filing of

24         Miller Nash LLP           bankruptcy petition; claims asserted by warehouse
        4400 Two Union Square    lenders, bulk loan purchasers, and other creditors;

25         601 Union Street          custody of MILA, Inc. records; general nature of
        Seattle, WA  98101       MILA business.

26         (Will testify)

PRETRIAL ORDER - 17

**MILLER NASH** LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON  98101-2352

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

| | | |
|---|---|---|
| 2. | Layne Sapp<br>4242 Hunts Point Road<br>Hunts Point, WA 98004<br>(Will testify) | MILA's financial condition, lack of shareholder meetings, executive compensation, dividends, related party transactions described in complaint, Sapp's actions as sole director of MILA, transfer of MILA staff to Next Online, accounting for repurchased loans, lending practices and standards, ownership of software; dealings with outside auditors, deletion of electronic evidence. |
| 3. | Aaron Morse<br>6320 E. 35th Avenue<br>Anchorage, AK 99504<br>(possible witness only) | Creation by MILA of "Next," Jasper, AccessPoint, Decision Point, Credex software; use of MILA employees to staff Next Online, absence of shareholder meetings of Next Online; availability of similar "off the shelf software." |
| 4. | Douglas Prince<br>Foster Pepper PLLC<br>1111 Third Avenue<br>Suite 3400<br>Seattle, WA 98101<br>(Will testify) | Multiple legal representation of MILA, Sapp, Next Online, and related entities; absence of valid waiver of conflict of interest; legal services to MILA; attempted transfer of software ownership from MILA to Next Online, communications with Sapp. |
| 5. | Douglas Schwed<br>12722 N.E. 28th Street<br>Bellevue, WA 98005<br>(Will testify) | Preparation of MILA director minutes and resolutions, absence of MILA shareholder meetings, related party transactions described in complaint, communications with Sapp, deletion of electronic evidence. |
| 7. | Jaennae Dinius<br>6409 158th Street S.E.<br>Snohomish, WA 98296<br>(Possible witness only) | Compensation practices; relationship with Sapp. |
| 9. | Barney Guy<br>10705 226th Street, S.W.<br>Edmonds, WA 98020<br>(Possible witness only) | Extent of disclosures to warehouse lenders and bulk loan purchasers, treatment of repurchase obligations, financial status of MILA, lending practices of MILA; dealings with auditors; efforts to find investors/capital; secondary markets. |
| 10. | Tina Gonsalves<br>2048 13th Avenue West #6<br>Seattle, WA 98119<br>(Director of Marketing)<br>(Possible witness only) | MILA software ownership; MILA marketing efforts; treatment of repurchase obligations. |

PRETRIAL ORDER - 18

**MILLER NASH** LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

| | | |
|---|---|---|
| 11. | Vicki Littell<br>6 Harbor Boulevard<br>Burbank, WA 99323<br>(Possible witness only) | Relationship between MILA and Next Online, Inc., instructions from Sapp on related party transactions, admissions by Sapp on financial status of MILA. |
| 12. | Mark Hikel<br>1000 First Avenue, #2202<br>Seattle, WA 98104<br>(Possible witness only) | MILA's financial condition, lack of shareholder meetings, executive compensation, dividends, related party transactions described in complaint, Sapp's actions as sole director of MILA, accounting for repurchased loans, lending practices and standards, ownership of software; dealing with outside auditors. |
| 13. | Sarah Hikel<br>1000 First Avenue, #2202<br>Seattle, WA 98104<br>(Possible witness only) | MILA's financial condition, lack of shareholder meetings, executive compensation, dividends, related party transactions described in complaint, Sapp's actions as sole director of MILA, accounting for repurchased loans, lending practices and standards, ownership of software; dealing with outside auditors. |
| 15. | Luke Adamson<br>Address is believed to be:<br>2643 38th Avenue<br>Seattle, WA 98199<br>(Possible witness only) | Charges by Next Online to MILA; facts to support or oppose statements he has presented to the court, dividends and salary payments to Sapp, accounting practices at MILA. |
| 16. | Sandy Kottke,<br>fka Sandy Murray<br>31122 State Route 9 N.E.<br>Arlington, WA 98223<br>(Possible witness only) | MILA recordkeeping and filing; occupancy of MILA headquarters building by MILA and other companies, size of workforce at MILA and Next Online. |
| 17. | William Dougherty<br>15203 102nd Avenue N.E.<br>Bothell, WA 98011<br>(Possible witness only) | Financial status of MILA; negotiations with auditors; financial treatment of repurchase obligations; ownership of MILA software; fees paid in related party transactions; salary and dividend payments to Sapp. |
| 18. | Greg Heitlauf<br>10419 134th Avenue N.E.<br>Kirkland, WA 98003 | Ownership and possession of software source codes. |

PRETRIAL ORDER - 19

**MILLER NASH** LLP<br>ATTORNEYS AT LAW<br>TELEPHONE: (206) 622-8484<br>4400 TWO UNION SQUARE<br>601 UNION STREET<br>SEATTLE, WASHINGTON 98101-2352

| 19. | Marathon Private Equity Fund I, LLC c/o Heather Bishop Lowenstein Sandler PC 65 Livingston Avenue Roseland, NJ 07068 (Possible witness; testimony would be by deposition) | Financial status of MILA; ownership of MILA software; valuation of MILA; potential purchase of MILA, Inc. or its software. |
| 20. | McGladrey & Pullen 1145 Broadway Plaza, Suite 900 Tacoma, WA 98402 Christie J. Bakker (lead audit partner) (Possible witness only) | Going concern status of MILA; MILA financial statements; treatment of repurchase obligations; reports by McGladrey and Pullen to MILA management; status of financial controls at MILA; related party transactions; ownership of software; extent of disclosures received from MILA. |
| 21. | Deutsche Bank Securities Andrew Kass John Winkler c/o Caroline Whittemore, Deutsche Bank Legal Department 60 Wall Street, 36th Floor New York, NY 10005 (Possible witness; testimony would be by deposition) | Unsuccessful efforts to raise capital for MILA; status of information it analyzed regarding MILA's repurchase obligations. |
| 22. | Trent Gillespie 5730 N.E. 56th Street Seattle, WA 98105 (Director of Information Technology at MILA) (Possible witness only) | Development of MILA and Next Software, need for outside consultants. |
| 24. | Carla Rei 11744 N.E. 148th Place Kirkland, WA 98034 (former MILA and Next Online IT employee) (Possible witness; testimony only) | Ownership of MILA software; transfer of MILA staff to Next Online. |

PRETRIAL ORDER - 20

**MILLER NASH** LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

PDXDOCS:1881640.2

| 1 | 25. | Cristina Ruiz | MILA handling of repurchase obligations. |
| 2 | | 117 Bristlecone Circle | |
| 3 | | Bailey, CO  80421 | |
| | | (Possible witness; testimony | |
| 4 | | would be by deposition) | |
| 5 | 26. | Jameson Park | MILA dividend payments, MILA financial status; |
| | | 600 Seventh Avenue, #402 | MILA accounting. |
| 6 | | Seattle, WA  98104 | |
| 7 | | (MILA controller) | |
| | | (Possible witness only) | |
| 8 | 27. | Shayir Khan | Development of software for MILA. |
| 9 | | 146 N. Canal St., #300 | |
| | | Seattle, WA  98103 | |
| 10 | 28. | Miles Stover | Nature of MILA business leading to claims against |
| 11 | | Turnaround Inc. | it; status of claims against MILA bankruptcy |
| | | 3415 A Street N.W. | estate; status of MILA's records. |
| 12 | | Gig Harbor, WA  98335 | |
| 13 | 29. | Skycorp Executive Charters | Flight logs to show use of corporate jet. |
| 14 | | 9724 32nd Drive | |
| | | Everett, WA 98204 | |
| 15 | | (Possible witness only) | |
| 16 | 30. | Credit Suisse First Boston | Extent of Credit Suisse due diligence to understand |
| 17 | | Mortgage Capital, LLC | MILA's financial condition, including the analysis, |
| | | Tim Gilbert | if any, of how MILA accounted for repurchase |
| 18 | | 11 Madison Avenue | obligations. |
| 19 | | New York, NY | |
| | | (Possible witness; testimony | |
| 20 | | would be by deposition) | |

21          (b)      Defendants expect to call the following non-expert witnesses to testify

22     about the following subjects:

23          **Luke Adamson**

24          c/o Davis Wright Tremaine LLP

25          1201 Third Ave, Suite 2200

            Seattle, WA 98101

26

**MILLER NASH** LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON  98101-2352

Mr. Adamson was the Chief Technology Officer at Next Online Mortgage Technologies, Inc. He will testify regarding the technology issues in this action, including AccessPoint and Credex, and the technology services provided by Next Online to MILA.

**Christie J. Bakker**
McGladrey & Pullen
1145 Broadway Plaza, Suite 900
Tacoma, WA 98402
253.572.7111

Ms. Bakker was the person responsible at MILA's independent auditors, McGladrey & Pullen, for the preparation of MILA's audited financial statements. Ms. Bakker will testify regarding the preparation of MILA's audited financial statements in conformance with Generally Accepted Accounting Principles, including its cash flow statements, ALLL and provision and its opinion that MILA was a going concern and solvent business.

**Rob Beuerk**
Rob Beuerk Consulting
Current Address Unknown

Mr. Beuerk was an independent consultant retained by Credit Suisse to conduct annual due diligence reviews of MILA. Mr. Beuerk may testify regarding his reviews, including his analysis of loan repurchases and recommendations for renewal of Credit Suisse's correspondent lending relationship with Credit Suisse.

**Aaron Brooks**
Ubermind, Inc.
2400 NW 80th St.
Seattle, WA 98117
206.633.1167

Mr. Brooks is the Software Architect Vice President / CFO of Ubermind. Mr. may testify regarding the technology issues in this action, including AccessPoint and Credex.

**Ric Brandt**
10885 NE 4th Street, Suite 500
Bellevue, WA 98004
425.455.8500

Mr. Brandt is a First Vice President at CB Richard Ellis in Bellevue, Washington. Mr. Brandt may testify regarding the defendants' commercial real estate.

**Rod Callanta**
Credit Analyst
GMAC-Residential Funding

PRETRIAL ORDER - 22

**MILLER NASH** LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

PDXDOCS:1881640.2

1646 No. California Blvd., Suite 400
Walnut Creek, CA 94596
925.935.0614

Mr. Callanta is a Credit Analyst at GMAC-RFC. Mr. Callanta may testify regarding GMAC-RFC's lending relationship with MILA and its financial monitoring and due diligence of MILA.

**Brian Carl**
20700 44th Avenue West
Lynnwood, WA 98036-7742
(425) 921-6398

Mr. Carl was a SVP at MILA and a MILA shareholder. Mr. Carl may testify regarding the issues in this action.

**Paul Coudrier**
Credit Suisse Credit Risk Management

Mr. Coudrier worked in the Credit Risk Management group at Credit Suisse. Mr. Coudrier may testify regarding Credit Suisse's lending relationship with MILA and its financial monitoring and due diligence of MILA.

**Bill Dougherty**
20700 44th Avenue West
Lynnwood, WA 98036-7742
(425) 921-6398

Mr. Dougherty was the CFO at MILA. Mr. Dougherty has information will testify regarding the financial issues in this action.

**Mark J. Frost**
20700 44th Avenue West
Lynnwood, WA 98036-7742
(425) 921-6398

Mr. Frost was the Corporate Treasurer at MILA. Mr. Frost may testify regarding the financial issues in this action.

**Tim Gilbert**
VP Credit Suisse Mortgage Finance
302 Carnegie Center, Suite 200
Princeton, NJ 08540
609.627.5067

PRETRIAL ORDER - 23

**MILLER NASH** LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

Mr. Gilbert was a Vice President in the Mortgage Finance Group at Credit Suisse. Mr. Gilbert may testify regarding Credit Suisse's lending relationship with MILA and its financial monitoring and due diligence of MILA.

**Doug Graham**
Credit Suisse

Doug Graham is an Analyst at Credit Suisse. Mr. Graham may testify regarding Credit Suisse's financial monitoring and due diligence of MILA.

**Geoffrey Groshong**
Miller Nash LLP
4400 Two Union Square
601 Union Street
Seattle, WA 98101

Geoffrey Groshong is the Trustee. Mr. Groshong will testify regarding the matters addressed in defendants' counterclaims.

**Bernard Guy**
20700 44th Avenue West
Lynnwood, WA 98036-7742
(425) 921-6398

Mr. Guy was the VP Capital Markets, MILA and a MILA shareholder. Mr. Guy will testify regarding all issues in this action.

**Mark Hikel**
20700 44th Avenue West
Lynnwood, WA 98036-7742
(425) 921-6398

Mr. Hikel was the President of MILA and a MILA shareholder. Mr. Hikel will testify as to all issues in this action.

**Sarah Hikel**
20700 44th Avenue West
Lynnwood, WA 98036-7742
(425) 921-6398

Ms. Hikel was the Chief Operations Officer at MILA. Ms. Hikel will testify regarding as to all issues in this action.

**MILLER NASH** LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

PDXDOCS:1881640.2

1

**David R. Johnson**
2
Loan Officer
GMAC-RFC
3
626.533.4414

4
Mr. Johnson is a Loan Officer at GMAC-RFC. Mr. Johnson may testify regarding GMAC-RFC's lending relationship with MILA and its financial monitoring and due diligence of MILA.
5

6
**Jameson Park**
20700 44th Avenue West
7
Lynnwood, WA 98036-7742
(425) 921-6398
8

9
Mr. Park was the Controller at MILA. Mr. Park may testify regarding the financial issues in this action.

10

11
**Shehryar Khan**
Ubermind, Inc.
2400 NW 80th St.
12
Seattle, WA 98117
206.633.1167
13

14
Mr. Khan is the Chief Executive Officer of Ubermind. Mr. Khan may testify regarding the technology issues in this action, including AccessPoint and Credex.
15

16
**Richard Liljedahl**
20700 44th Avenue West
17
Lynnwood, WA 98036-7742
(425) 921-6398
18

19
Mr. Liljedahl was an administrative assistant. Mr. Liljedahl may testify regarding the documents and issues in this action.

20
**William Moffatt**
Orange County, California
21
949.973.4458

22

23
Mr. Moffatt previously worked at GMAC. Mr. Moffatt may testify regarding GMAC-RFC's lending relationship with MILA and its financial monitoring and due diligence of MILA.

24

25

26

PRETRIAL ORDER - 25

**MILLER NASH** LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

1     **Peter Phelps**
2     20700 44th Avenue West
    Lynnwood, WA 98036-7742
3     (425) 921-6398

4 Mr. Phelps was the Chief Financial Officer at Next Online Mortgage Technologies, Inc. Mr.
Phelps may testify regarding to the financial issues in this action.
5

6     **Layne Sapp**
    c/o Davis Wright Tremaine LLP
7     1201 Third Ave, Suite 2200
    Seattle, WA 98101
8

9 Mr. Sapp is a named defendant and the Chief Executive Officer of the corporate defendants. Mr.
Sapp will testify regarding all issues in this action.

10     **Wendy N. Stein**
11     CPA PS Wendy N. Stein
    Snohomish, WA 98290
12     (360) 668-8601

13 Ms. Stein is a certified public accountant who provided professional services to the defendants.
14 Ms. Stein may testify regarding financial issues in this action.

15     **Gary Timmerman**
    Formerly, Credit Suisse First Boston Mortgage Capital LLC
16     302 Carnegie Center, 2d floor
    Princeton, NJ 08540
17     609.915.8092

18
Mr. Timmerman is a former Managing Director at Credit Suisse First Boston Mortgage Capital.
19 Mr. Timmerman may testify regarding Credit Suisse's lending relationship with MILA and its
financial monitoring and due diligence of MILA.
20

21     **John Winkler**
    Director
22     Deutsche Bank Securities Inc.
    60 Wall St
23     New York, NY 10005-2858
    212.250.5314
24

25 Ms. Winkler is a Director as Deutsche Bank. Mr. Winkler may testify regarding MILA's Private
Placement Memorandum.

26

**MILLER NASH** LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

PDXDOCS:1881640.2

**EXHIBITS**

2        Because discovery is not complete, the parties cannot yet specify each exhibit that

3 will be offered and which exhibits will be stipulated to as admissible or not challenged as to

4 authenticity. The parties will provide such information by the December 17, 2009 deadline set

5 by the Court's scheduling order [Docket No. 115], or such other date as the Court may order.

6                                  **ACTIONS BY THE COURT**

7        (a)      This case is scheduled for trial on _____,20\_\_\_, at _____.

8        (b)      Trial briefs shall be submitted to the court on or before _____.

9        (c)      If the trial will be conducted with a jury, jury instructions requested by

10 either party shall be submitted to the court on or before _____. Suggested questions

11 of either party to be asked of the jury by the court on voir dire shall be submitted to the court on

12 or before _____.

13        (d)      (Insert any other ruling made by the court at or before pretrial conference.)

14        This order has been approved by the parties as evidenced by the signatures of

15 their counsel. This order shall control the subsequent course of the action unless modified by a

16 subsequent order. This order shall not be amended except by order of the court pursuant to

17 agreement of the parties or to prevent manifest injustice.

18        DATED this \_\_\_\_ day of _____, 2010.

19

20                               _____

                               United States Bankruptcy Judge

21

22

23

24

25

26

PRETRIAL ORDER - 27

**MILLER NASH** LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-2352

PDXDOCS:1881640.2

1

**FORM APPROVED:**

2

MILLER NASH LLP

3

4   By: s/Brian W. Esler                          2/26/10
         Brian W. Esler, WSBA No. 22168          Date
5        E-mail:  brian.esler@millernash.com
         Bruce A. Rubin, WSBA No. 37384
6        E-mail:  bruce.rubin@millernash.com
         601 Union Street, Suite 4400
7        Seattle, Washington  98101
         Telephone:  (206) 622-8484
8        Fax:  (206) 622-7485

9           *Attorneys for Plaintiff*

10

11  DAVIS WRIGHT TREMAINE LLP

12  By: s/Steven P. Caplow                        2/26/10
         Ragan L. Powers, WSBA No. 11935          Date
13       E-mail:  raganpowers@dwt.com
         Steven P. Caplow, WSBA No. 19843
14       E-mail:  stevencaplow@dwt.com
         Hugh R. McCullough, WSBA No. 41453
15       E-mail:  hughmccullough@dwt.com
         C. Keith Allred, WSBA No. 6577
16       E-mail:  keithallred@dwt.com
         1201 Third Avenue, Suite 2200
17       Seattle, Washington  98101
         Telephone:  (206) 622-3150
18       Fax:  (206) 757-7700

19          *Attorneys for Defendants*

20

21

22

23

24

25

26

PRETRIAL ORDER - 28

**MILLER NASH** LLP
ATTORNEYS AT LAW
TELEPHONE: (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON  98101-2352

PDXDOCS:1881640.2